**McGivney & Kluger, P.C.**
Gary J. Intoccia (GI 5329)
23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932
(973) 822-1110
Attorneys for Petitioner, Kevin Gingrich
2286G-0001

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| IN THE MATTER OF:<br><br>In the Complaint of KEVIN GINGRICH as Owner of a 63' Viking Motor Yacht, *"Anxiolytic"* Bearing Hull ID Number: VKY63014E989, For Exoneration From or Limitation of Liability,<br><br>Petitioner. | Case No.<br><br>Civil Action in ADMIRALTY<br><br>COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

This is a Complaint of KEVIN GINGRICH (hereinafter "PETITIONER"), as owner of the 63' Viking motor yacht named *Anxiolytic* bearing the Hull Identification Number: VKY63014E989 (hereinafter "VESSEL"), by and through undersigned counsel, in a cause of exoneration from or limitation of liability, civil and maritime, states:

1. This is a case of admiralty and maritime jurisdiction of the United States District Court. Article III, Section 2 of the United States Constitution and 28 USC § 1333, and Rule 9(h) of the Fed.R.Civ.P.

2. At all times hereinafter mentioned, PETITIONER, was, at all times hereinafter mentioned, the owner of the VESSEL.

3. At all times hereinafter mentioned, the VESSEL was, located at a marina within New Jersey, as such, venue is proper.

4. To PETITIONER'S knowledge, VESSEL has not been attached or arrested nor has any suit been commenced against the PETITIONER, *in personam*, for any damage or injury caused by the events described in this Complaint. As such, venue within this district is proper.

5. PETITIONER has not received written notice from a potential Claimant and therefore this Complaint is filed timely within the meaning of 46 U.S.C. § 30505 *et. seq.*

6. Prior to and at all times hereinafter described, PETITIONER exercised due diligence to make and maintain the VESSEL in all respects seaworthy; and at all times hereinafter described she was in all respects seaworthy and fit for the use in which she was engaged until the occurrence of the fire, incident, damages, and injuries, hereinafter described.

7. On or about December 9, 2008, the VESSEL was located in its slip at Lincoln Harbor Yacht Club in Weehawken, New Jersey. At this time, the VESSEL caught fire without the privity or knowledge of the PETITIONER. At the time of the fire, PETITIONER lived on but was not on board the VESSEL. The fire purportedly caused property damage to surrounding vessels and the marina facility. Upon information and belief, the owners of the damaged vessels and the marina will initiate actions against PETITIONER for damages.

8. The aforesaid personal injuries and property damages were not caused or contributed to by any fault, negligence or lack of due care on the part of PETITIONER.

9. The aforesaid property damages were not caused or contributed to by any fault, negligence or lack of due care on the part of PETITIONER.

10. Potential Claimants to this action include the following:

    (a) 33' Reneterau vessel

    (b) 46' Silverton Yacht

    (c) 40' Hatteras Yacht

    (d) Lincoln Harbor Yacht Club

        1500 Harbor Yacht Club

        Weehawken NJ 07086

    (e) Michael Campbell (jet ski area)

        1 Henley Place

        Weehawken, NJ 07086

The name of all vessel owners is unknown at present but the Petitioner through its appointed surveyors is coordinating cause and origin inspections with the insurer and appointed surveyors per other affected vessels. Appropriate legal notice pursuant to Rule F will be given to all affected parties once the owner's names have been given to petitioner.

11.     PETITIONER does not know the total amount of all the claims that may be made for damages resulting from the above described fire collision involving the VESSEL, but anticipates, fears, and believes that suits and claims will be asserted and prosecuted against it in amounts exceeding the total sum or sums for which PETITIONER may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

12.     There are no demands, unsatisfied claims of lien or liens against the VESSEL arising out of the above-described incident, or any suit pending thereon, so far as known to PETITIONER, other than those set forth in paragraph 7 of this Complaint.

13. Based upon information and belief, the entire aggregate amount of PETITIONER'S interest in the VESSEL after the incident is zero dollars; there is no pending freight.

14. Subject to any appraisal of its interest upon reference, PETITIONER, herewith agrees to deposit with the Court, as security for the benefit of claimants, an Ad Interim Stipulation for Value, plus interest at 6% per annum from the date of said stipulation, (said sum being not less than the amount or value of PETITIONER'S interest in the VESSEL following the incident) should the court order same.

15. PETITIONER claims exoneration from liability for any and all damages and injuries caused by the incident involving the VESSEL, and for any and all claims thereof, PETITIONER alleges that he has valid defenses thereto on the facts and on the law.

16. PETITIONER, without admitting but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 USC § 30505 *et. seq.*, and the various statutes supplemented thereto and amended thereof.

17. The vessel is worthless and petitioner plans to dispose of same, but retaining certain evidence following a joint cause and origin inspection. Any retained parts have deminimis or no salvage value. If it later appears that PETITIONER may be liable and the amount or value of PETITIONER'S interest in the VESSEL is not sufficient to pay all losses in full, then Claimants shall share *pro rata* any retained parts, saving Claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, or by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and by the rules and practices of this Honorable Court.

18.     All and singular these premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, PETITIONER, KEVIN GINGRICH, PRAYS THAT:

(1) This Court issue an Order approving the above-described Ad Interim Stipulation for Value with surety, deposited with the Court by PETITIONER, as security for the amount or value of PETITIONER'S interest in the aforesaid VESSEL until such time the Court causes due appraisement to be made of the amount of the value of PETITIONER'S interest in the VESSEL;

(2) This Court issue a Notice to all persons asserting claims with respect to which the Complaint seeks limitation admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the PETITIONER a copy thereof on or before a date to be named in the notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he shall file and serve on the attorneys for PETITIONER an answer to the Complaint on or before the said date, unless his claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against PETITIONER, as aforesaid, and/or against the VESSEL or against any property of the PETITIONER except in this action, to recover damages for or in respect of any property damages or personal injuries caused by or resulting from the aforesaid fire involving the VESSEL, or otherwise done, occasioned or incurred as a result of the aforesaid fire involving the VESSEL;

(4) This Court adjudge that PETITIONER is not liable to any extent for any damages or injuries, or for any claim therefore in any way arising out of or resulting from the aforesaid fire, damages or injuries, that were done, occasioned or incurred as the result of the aforesaid fire involving the VESSEL;

(5) The Court in this proceeding will adjudge that the PETITIONER is not liable to any extent for any damages or injuries, or for any claim whatsoever in any way arising from or in consequence of the aforesaid fire involving the VESSEL, or if PETITIONER shall be adjudged liable, then that such liability be limited to the amount or value of PETITIONER'S interest in the VESSEL, as aforesaid, and that PETITIONER be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging PETITIONER from all further liability;

(6) PETITIONER may have such other, further or different relief as may be just.

*In the Matter of the Complaint of KEVIN GINGRICH*

## DECLARATION PER L.C.R. 11.2

I hereby declare under penalty of perjury that, pursuant to Local Civil Rule 11.2, this matter is not the subject of any other suit presently pending in any other court or in any arbitration proceeding. At this time, I know of no other parties not named herein that should be joined in this action.

**McGivney & Kluger, P.C.**
Attorneys for Petitioner, Kevin Gingrich

By: /s/ *Gary J. Intoccia*
Gary J. Intoccia (GI 5329)

## DECLARATION PER L.C.R. 201.1

I hereby declare under penalty of perjury that the amount in controversy may exceed $150,000.00 as set forth in Local Civil Rule 201.1 (d)(1) once all claims are filed and, therefore, this matter should not be subject to compulsory arbitration.

**McGivney & Kluger, P.C.**
Attorneys for Petitioner, Kevin Gingrich

By:: /s/ *Gary J. Intoccia*
Gary J. Intoccia (GI 5329)

And

**McALPIN CONROY, P.A.**
MICHAEL E. CONROY
RICHARD J. McALPIN
*Counsel for PETITIONER*
Brickell BayView Centre
80 S.W. 8th Street, Suite 2805
Miami, Florida 33130

*In the Matter of the Complaint of KEVIN GINGRICH*

## AFFIDAVIT VERIFYING COMPLAINT

STATE OF New York )
COUNTY OF New York )

Before me, the undersigned authority, personally appeared KEVIN GINGRICH, who, after first being duly sworn, on oath, deposes and says:

1. That he is the owner of the 63' Viking motor yacht bearing the Hull Identification Number: VKY63014E989.

2. That he has read the Complaint in this action, knows the contents thereof, and the same are true and correct to the best of his knowledge, information and belief.

_____
KEVIN GINGRICH

On April, 11th 2009 Before me the undersigned authority, personally appeared KEVIN GINGRICH who is personally known to me, or has produced NYDL  292 913 933  as identification, and who did take an oath.

_____
Notary public
My commission expires 4/30/2011

EDWIN C. LOPEZ
Notary Public, State of New York
No. 01LO6164766
Qualified in Kings County
COMMISSION EXPIRES 04/30/2011

- 8 -

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Kevin Gingrich

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: **Westchester County**

County of Residence of First Listed Defendant: _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932
973-822-1110
gintoccia@mcgivneyandkluger.com

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  |  |  |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  |  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1333; 46 USC 30505

Brief description of cause:
Limitation of or exoneration of liability in admiralty

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

### VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

**DATE**
04/22/2009

**SIGNATURE OF ATTORNEY OF RECORD**
/s/ Gary J. Intoccia