**McGivney & Kluger, P.C.**
Gary J. Intoccia (GI 5329)
23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932
(973) 822-1110
Attorneys for Petitioner, Kevin Gingrich
2286G-0001

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF:<br><br>In the Complaint of KEVIN GINGRICH as Owner of a 63' Viking Motor Yacht, *"Anxiolytic"* Bearing Hull ID Number: VKY63014E989, For Exoneration From or Limitation of Liability,<br><br>Petitioner. | Case No. 09-CV-1898-SDW-MCA<br><br>Civil Action in ADMIRALTY<br><br>**ORDER ENTERING DEFAULT JUDGMENT** |

**THIS MATTER** having been opened to the Court by McGivney & Kluger, P.C., attorneys for Petitioner, Kevin Gingrich, by way of his application for Default Judgment to be entered on all claimants who may have a claim against Petitioner, but who have not filed, or have not timely filed, an Answer and Claim in response to Petitioner's Complaint. Petitioner argues that because the Court-imposed deadline for filing a claim in the instant litigation has passed, it is proper to enter Default Judgment against all such persons/entities who may have a claim against Petitioner or the Vessel in relation to the underlying dispute. Having reviewed the motion, the factual record, the absence of objection and the applicable law, Petitioner's motion is granted.

On December 9, 2008, Petitioner's vessel, a 63' Viking Motor Yacht, named *"Anxiolytic,"* bearing Hull ID Number: VKY63014E989, caught fire while located in its slip at the Lincoln Harbor Yacht Club in Weehawken, New Jersey, without Petitioner's privity or

knowledge. Petitioner filed his Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30505, Supplemental Rule F and Local Admiralty Rule F, on April 22, 2009. To obtain exoneration or limitation of liability, a Petitioner must deposit with the Court, for the benefit of the claimants, a sum equal to the amount or value of the owner's interest in the vessel or security therefore. See Supplemental Rule F (2006). On July 20, 2009, the Court approved Petitioner's Stipulation for Value and directed the issuance of a Notice to all persons asserting claims with respect to which the Complaint seeks limitation and admonish them to file the respective claims with the Clerk of this Court by September 30, 2009, or be defaulted. Additionally, the Court directed Petitioner to publish the Notice in an approved newspaper, as specified by Local Admiralty and Maritime Rule F, once a week for four successive weeks prior to the date fixed for filing claims, as well as to mail a copy of the Notice to every person known to have any possible claim against the Vessel or Petitioner.

Petitioner published the Notice in the Newark Star Ledger for four consecutive weeks and submitted Proof of Publication to the Court. Furthermore, Petitioner mailed the Notice to all those known to have a possible claim. On September 28, 2009, Lincoln Harbor Enterprises, LLC filed a claim. On October 16, 2009, Petitioner obtained an Order from the Court entering Default pursuant to Federal Rule of Civil Procedure 55(a) against all non-filing claimants. Therefore, because the deadline for the submission of claims has passed, which was September 30, 2009, and Default has been entered, Petitioner is entitled to the entry of a Default Judgment against all non-filing claimants. Accordingly, it is hereby

**ORDERED** that Petitioner Kevin Gingrich's Motion for the Entry of a Default Judgment is GRANTED. Default Judgment is entered against all who may have a claim against Petitioner, *in personam*, and/or the Petitioner's Vessel, a 63' Viking Motor Yacht, named *"Anxiolytic,"*

bearing Hull ID Number: VKY63014E989, *in rem*, arising from the incident described in the Complaint, but who have not filed or have not timely filed an Answer and Claim in response to Petitioner's Complaint for Exoneration from or Limitation of Liability.

**DONE AND ORDERED** in Newark, New Jersey, this 12th day of January, 2010.

_____
U.S.D.J.